# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01388-COA

JULIA M. CAMERON                                                      APPELLANT

v.

JOHN H. MILLER, M.D.                                                  APPELLEE

DATE OF JUDGMENT:              11/10/2023
TRIAL JUDGE:                   HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:     HARRISON COUNTY CIRCUIT COURT,
                               FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        JAMES MICHAEL PRIEST JR.
ATTORNEYS FOR APPELLEE:        WILLIAM E. WHITFIELD III
                               KAARA LENA LIND
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   AFFIRMED - 09/16/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Julia Cameron filed a medical-negligence lawsuit in the Harrison County Circuit Court against Dr. John Miller. The circuit court granted Dr. Miller's motion to dismiss Cameron's complaint for failure to prosecute. On appeal, Cameron challenges the circuit court's order dismissing her complaint with prejudice. Finding no error, we affirm.

## FACTS

¶2.     On July 2, 2019, Cameron filed a complaint asserting that she had sustained injuries resulting from Dr. Miller's negligent medical care and treatment of her from 2014 through

2016.[1] After filing his answer and denying Cameron's claims, Dr. Miller moved to dismiss Cameron's complaint as barred by the two-year statute of limitations for medical-malpractice actions. *See* Miss. Code Ann. § 15-1-36 (Rev. 2019). Alternatively, Dr. Miller requested that the circuit court grant him summary judgment. The circuit court held a hearing on Dr. Miller's motion on April 9, 2020. On July 14, 2020, the circuit court entered an order finding that a genuine issue of material fact existed as to when Cameron "knew or should have known of the alleged malpractice" committed by Dr. Miller. As a result, the circuit court denied Dr. Miller's motion to dismiss Cameron's complaint or, alternatively, for summary judgment.

¶3. On July 21, 2020, Dr. Miller propounded written interrogatories to Cameron and requested the production of documents. Cameron failed to respond to Dr. Miller's written interrogatories within thirty days, as set forth in Mississippi Rule of Civil Procedure 33(b)(3). Nevertheless, Dr. Miller arranged to take Cameron's deposition on October 1, 2020. On September 29, 2020, two days before the deposition and well outside the thirty-day deadline, Cameron's attorney provided Dr. Miller with unsigned written discovery responses. *See* M.R.C.P. 33(b)(2) (providing that answers to interrogatories "are to be signed by the person making them, and the objections signed by the attorney making them"). On November 16, 2020, Dr. Miller served Cameron with supplemental requests for the production of documents. Cameron failed to respond to the discovery request within thirty days, as

---

[1] Although Cameron's complaint initially stated that Dr. Miller had provided her with medical care and treatment from 2014 through 2017, later documents filed by both parties indicated that she last received treatment and care from Dr. Miller in 2016.

provided by Mississippi Rule of Civil Procedure 34.

¶4.     For almost a year and a half after her October 1, 2020 deposition, Cameron initiated no action of record to advance her medical-malpractice complaint against Dr. Miller. During this time, Dr. Miller requested that Cameron provide him with copies of documents referenced in her deposition and proposed drafting an agreed-upon scheduling order. Both of Dr. Miller's requests went unanswered by Cameron.

¶5.     On March 3, 2022 (one year and five months after her deposition), Cameron propounded written interrogatories to Dr. Miller and requested the production of documents. Dr. Miller provided his responses to Cameron's discovery requests on May 20, 2022. He then provided a supplemental response to Cameron's request for the production of documents on September 20, 2022.

¶6.     After Cameron's March 2022 discovery requests, a second period of inactivity ensued. Cameron conducted no further discovery during the next year and a half. As a result, on September 26, 2023, Dr. Miller filed a motion to dismiss Cameron's complaint due to her failure to prosecute and a memorandum brief supporting his motion. Dr. Miller asserted that over four years had passed since Cameron first filed her complaint, and only minimal activity had occurred in the matter. Dr. Miller further asserted that significant periods of inactivity had elapsed and that he had served Cameron with supplemental requests for the production of documents almost three years before without ever receiving a response to his supplemental discovery requests. In addition, Dr. Miller contended that he now faced prejudice due to Cameron's inaction because over seven years had passed since he last treated Cameron, and

3

his memories regarding the provided treatment were fading.

¶7. Cameron failed to respond to Dr. Miller's motion within ten days, as provided by Uniform Civil Rule of Circuit and County Court Practice 4.02. On October 18, 2023, Dr. Miller provided notice that the hearing on his motion to dismiss had been set for November 9, 2023. The day before the hearing, Cameron filed an untimely response to Dr. Miller's motion to dismiss. In her response, Cameron acknowledged her "failure to provide signed interrogatory responses" to Dr. Miller but stated that the oversight could be promptly corrected. Cameron further acknowledged the accuracy of "the procedural history of this case as recited by [Dr. Miller] in his motion and memorandum." She contended, however, that she had not engaged in any intentionally dilatory or contumacious conduct. Cameron argued that the delay in prosecuting her medical-malpractice claims against Dr. Miller did not warrant dismissal of her complaint. Instead, she asserted that "the entry of a scheduling order, admonition to counsel, or even an award of costs to [Dr. Miller] for bringing the instant motion would" constitute appropriate lesser sanctions *if* the circuit court even deemed a sanction necessary.

¶8. At the November 9, 2023 hearing, Dr. Miller's attorney reiterated to the circuit court the reasons stated in Dr. Miller's motion and supporting memorandum brief for dismissing Cameron's complaint with prejudice. In addition, Dr. Miller's attorney informed the circuit court that Dr. Miller was now retired from the practice of medicine and had been diagnosed with Parkinson's disease. Because Dr. Miller had never been deposed, his attorney argued that the delay and his Parkinson's diagnosis might prevent him from ever being able to testify

4

in the matter. Dr. Miller's attorney contended that these factors added to the prejudice already facing Dr. Miller as a result of Cameron's failure to timely pursue her claims against him.

¶9. In response, Cameron's attorney admitted "that there ha[d] been some periods when the case has languished." Cameron's attorney stated that Cameron had experienced her own health problems, and he explained that his caseload had been affected when the COVID-19 pandemic occurred. Cameron's attorney argued that dismissing the complaint with prejudice was unwarranted, and he stated that if the circuit court found a sanction was needed, a lesser sanction would be an appropriate consequence for the delay in prosecution.

¶10. On November 10, 2023, the circuit court entered its order granting Dr. Miller's motion to dismiss with prejudice Cameron's complaint for failure to prosecute. Aggrieved, Cameron appeals.

## DISCUSSION

¶11. Mississippi Rule of Civil Procedure 41(b) allows the involuntary dismissal of a plaintiff's complaint for failure to prosecute. Here, Cameron argues that the circuit court erred by dismissing her complaint with prejudice and by failing to consider lesser sanctions. We review the circuit court's order dismissing Cameron's complaint for lack of prosecution for abuse of discretion. *Wilson v. Barnes-Wilson*, 399 So. 3d 954, 957 (¶9) (Miss. Ct. App. 2025).

¶12. In reviewing the circuit court's Rule 41(b) dismissal of Cameron's complaint, we consider the following factors: "(1) whether there was a clear record of delay or

contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of justice; and (3) the existence of other aggravating factors." *Id.* (quoting *Sullivan v. Maddox*, 283 So. 3d 222, 234 (¶54) (Miss. Ct. App. 2019)). As we recently reiterated in *Wilson*,

> [i]t is true that there is no set time limit on the prosecution of an action once it has been filed. However, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. If there is a clear record of delay, there is no need for a showing of contumacious conduct.

*Id.* (citations and internal quotation marks omitted).

¶13. As discussed, Cameron filed her complaint against Dr. Miller on July 2, 2019. After the circuit court entered its order on July 14, 2020, denying Dr. Miller's motion to dismiss or for summary judgment, Dr. Miller served Cameron with discovery requests and scheduled her deposition. By contrast, Cameron provided Dr. Miller with untimely and unsigned responses to interrogatories on September 29, 2020 (two days before her deposition), and she completely failed to respond to his supplemental requests for the production of documents after her deposition. Moreover, following her October 1, 2020 deposition, Cameron failed to take any action of record until over one year and five months later. "An 'action of record' includes such filings as 'pleadings, discovery requests, and deposition notices' as well as any act 'that advances the case to judgment.'" *Id.* at 958 (¶10) (quoting *Hasley v. Hasley*, 385 So. 3d 1258, 1263 (¶15) (Miss. Ct. App. 2024)). Here, following a lengthy period of inactivity, Cameron finally took an action of record on March 3, 2022, when she served Dr. Miller with written interrogatories and requests for the production of documents.

¶14. Cameron's single discovery request was followed by a second period of inactivity that lasted for another year and a half until Dr. Miller filed his motion to dismiss for lack of prosecution on September 26, 2023. At the time that Dr. Miller filed his motion to dismiss under Rule 41(b), over seven years had elapsed since he had last treated Cameron, and over four years had elapsed since Cameron had filed her complaint. In response to Dr. Miller's motion to dismiss, Cameron filed an untimely response one day before the hearing on the motion.

¶15. Relevant to the present appeal, we noted in *Wilson* that

> [t]he first question before this Court is whether this case presents a clear record of dilatory or contumacious conduct on the part of the plaintiff. In reviewing this factor, this Court considers whether the plaintiff's conduct during the litigation was proactive or merely reactionary. While there is no set time limit to prosecute a lawsuit, the cases in which this Court has affirmed the dismissal of a complaint for failure to prosecute often feature a substantial period of delay that clearly evinces the plaintiff's prolonged failure to pursue its claims.

*Wilson*, 399 So. 3d at 958 (¶10) (emphasis omitted) (citations omitted).

¶16. Here, a review of the record reflects that between the time of the circuit court's July 14, 2020 order and Dr. Miller's September 26, 2023 motion to dismiss, Cameron initiated only one action of record regarding her claims against Dr. Miller. This single step—requesting discovery from Dr. Miller—was arguably reactionary rather than proactive since Dr. Miller had already served Cameron with both initial and supplemental discovery requests and taken Cameron's deposition more than a year earlier.

¶17. Even if we were to consider Cameron's March 3, 2022 discovery requests to be a proactive measure that advanced her claims against Dr. Miller, the record still demonstrates

an overall case of dilatory conduct that includes substantial periods of inactivity, a minimal number of untimely and reactionary steps by Cameron, and a prolonged failure to pursue her medical-negligence claims. Cameron failed to timely propound or respond to discovery requests, failed to seek additional time for discovery, and failed to timely respond to Dr. Miller's motion to dismiss for lack of prosecution.

¶18. Although Cameron's attorney argued at the November 9, 2023 hearing that the circuit court should apply a lesser sanction than dismissal, Dr. Miller's attorney contended that Dr. Miller had suffered actual prejudice due to Cameron's failure to meaningfully pursue her claims. Cameron never deposed Dr. Miller in the four years after filing her complaint, and Dr. Miller's attorney noted that over seven years had elapsed since his client last treated Cameron in 2016. As a result, Dr. Miller's attorney explained that his client's memories about his care and treatment of Cameron had naturally faded over time. In addition, Dr. Miller's attorney stated that Dr. Miller had been diagnosed with Parkinson's disease. According to Dr. Miller's attorney, the diagnosis not only further eroded his client's ability to accurately recall and testify about relevant events but also significantly impacted Dr. Miller's overall ability to assert a defense against Cameron's claims.

## CONCLUSION

¶19. Based on our consideration of the foregoing factors, we find no abuse of discretion in the circuit court's decision to dismiss Cameron's complaint for failure to prosecute under Rule 41(b). We therefore affirm the circuit court's order dismissing Cameron's complaint with prejudice.

8

¶20.  **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.  WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**